**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELIAS BROTHERS RESTAURANTS, INC., Respondent.**

**No. 73–1943.**

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1974.

Decided May 29, 1974.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, William Wachter, Elinor Hadley Stillman, Attys., National Labor Relations Board Washington, D. C., on brief, for petitioner.

John Katsoulos, Huntington Woods, Mich., on brief, for respondent.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned for enforcement of its order issued against respondent, reported at 204 NLRB No. 113.

The Board found that respondent violated Section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by discharging its employee Patricia Clark for exercising rights guaranteed to her by Section 7 of the Act, 29 U.S.C. § 157. The employee Clark was a waitress at an independently owned restaurant which was franchised by respondent. She was discharged on August 17, 1972 near the end of her work shift. The evidence shows that the air conditioning in the restaurant where Miss Clark worked had been off a number of times during the summer of 1972 and that she and other employees had complained to the manager. On the morning of August 17 the restaurant was hot and the floor in the area where the waitresses picked up orders was wet. Miss Clark and several of the other employees complained and the manager told them that she was hot too and that nothing could be done about it.

A meeting of all the employees had previously been scheduled for 4:00 p. m. on August 17, and Miss Clark requested the manager to have the owner present so that the complaints of the employees could be considered. The manager refused to call the owner, but dialed his number and permitted Miss Clark to talk with him. He responded to the request by stating that the manager was in charge and that he did not plan to deal with the complaints personally, though he finally agreed to come to the restaurant. The franchised restaurant where Miss Clark worked was non-union and there was no established procedure for handling employee complaints. Throughout the morning the employees, with Miss Clark acting as spokesman, continued to complain about the heat,

wet floor and a shortage of spoons. Miss Clark suggested within the hearing of the manager that all waitresses walk out as a means of getting relief from the bad working conditions. The record does not disclose that any employee agreed to join Miss Clark in a walkout. The manager informed the owner that Miss Clark was attempting to get the girls to walk out. It was testified by the manager that Miss Clark was discharged because she had kept everyone upset and that the restaurant could not operate properly because of the disturbance which Miss Clark created.

Following her discharge, Miss Clark applied for work as a waitress at one of respondent's company-owned restaurants. The manager knew Miss Clark from having worked with her previously and agreed to hire her, beginning September 4. Though there was a dispute as to whether Miss Clark told the manager that she had been discharged or that she had quit, the administrative law judge credited the testimony of Miss Clark. When officials of respondent learned of Miss Clark's discharge by the franchised restaurant, they instructed the manager who had agreed to hire her on September 4 not to put her to work. When Miss Clark reported for work on that date she was told she could not be hired.

■ The respondent does not contest the fact that Miss Clark was entitled to the protection of the Act as an applicant for a job at the company-owned restaurant. Thus it would be an unfair labor act to refuse to put her to work there because of her discharge by the franchised restaurant if that discharge violated her Section 7 rights. The activities in which Miss Clark was engaged on August 17, consisting of protests over working conditions and efforts to persuade other employees to join a walkout in order to bring the seriousness of their complaints to the attention of the owner, were protected concerted activities. N. L. R. B. v. Washington Aluminum Co., 370 U.S. 9, 82 S.Ct. 1099, 8 L. Ed.2d 298 (1962); N. L. R. B. v. Evans Packing Co., 463 F.2d 193 (6th Cir. 1972); N. L. R. B. v. KDI Precision Products Co., 436 F.2d 385 (6th Cir. 1971). The evidence shows that a running dispute which occurred over a period of several weeks culminated in the activities of August 17. The nature of the controversy, and its protected status, were not altered by the fact that respondent was making efforts to have the air conditioning repaired. N. L. R. B. v. Washington Aluminum Co., *supra*, at 16.

■ The factual issue determined by the Board was respondent's motivation in discharging Miss Clark and the general counsel had the burden of proof. N. L. R. B. v. Howell Automatic Machine Co., 454 F.2d 1077, 1080 (6th Cir. 1972). While there was positive evidence by respondent that the discharge was for reasons other than Miss Clark's attempts to organize a walkout at the franchised restaurant, there was also proof that this was at least partially the reason underlying the decision not to hire her. It is not necessary that a prohibited reason be the sole one. If the discharge is motivated in part by activities protected by the National Labor Relations Act it is a violation of Section 8(a)(1). Considering the record as a whole, we conclude that the Board correctly determined that there was substantial evidence to support the finding that Miss Clark was unlawfully penalized for exercising rights guaranteed to her by Section 7 of the Act.

Enforcement of the Board's order is granted.